**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DISTRICT**

BRANDON NICHOLAS BARNETT,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀No.⠀⠀1:18-CV-0003 SNLJ
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JASON LEWIS, et al.,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀)

## MEMORANDUM AND ORDER

Before the Court is plaintiff Brandon Barnett's amended complaint. Plaintiff is currently incarcerated at Southeast Correctional Center ("SECC"). After reviewing the amended complaint pursuant to 28 U.S.C. § 1915, the Court will require plaintiff to file an amended complaint on a court-provided form. Plaintiff's failure to do so in accordance with this Court's instructions will result in a dismissal of this action, without prejudice.

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the tenet that a court must accept the

allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at SECC.

On January 5, 2018, the Court reviewed plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that plaintiff's complaint failed to comply with Federal Rules of Procedure 8 and 10. It was long and rambling and listed over eighty (80) persons as defendants in this action. Moreover, plaintiff's complaint was extremely difficult to read, and plaintiff had not listed what claims he was bringing against each individual defendant. The Court also noted that plaintiff needed to amend his complaint to only include claims that arose out of the same transaction or occurrence, or, to put it another way, claims that are related to one another. *See* Fed.R.Civ.P.20(a)(2). Alternatively, plaintiff was told that he could choose one single defendant and set forth as many claims as he wished against that particular defendant.

On January 18, 2018, plaintiff filed his amended complaint. Between the amended complaint and its supporting documentation, the document consisted of forty-one (41) pages. Additionally, plaintiff filed a supplemental amended complaint consisting of four (4) additional

pages. Plaintiff's amended complaint listed forty-two (42) persons as defendants in this action. At the time of filing his amended complaint, plaintiff additionally filed a motion for extension for time to file "additional support" for his amended complaint. He further requested two more motions for appointment of counsel and a second motion to proceed in forma pauperis.[1] His new motion to proceed in forma pauperis will be denied as moot.

## Plaintiff's Amended Complaint

The Court has reviewed plaintiff's amended complaint and once again finds that it does not comply with Federal Rules of Civil Procedure 8, 10, 18, 19 and 20.

The gist of plaintiff's claims still appear to be claims of deliberate indifference to his medical needs, but they are buried in a long and rambling forty-six (46) page amended pleading. And plaintiff's handwriting is extremely challenging to read, making his assertions against the forty-two (42) named defendants even more problematic to discern.

The Court recognizes that plaintiff has attempted to comply with Rules 8 and 10 by writing each defendant's name and then making claims against them. However, Rule 8(a) requires "a short and plain statement," and Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Plaintiff's long complaint is neither simple or concise or direct. And plaintiff needs to have paragraphs in his complaint to be in compliance with Rule 10, not just sentences that run into one another in a cramped space that make it difficult to discern one claim from another.

---

[1]Plaintiff's first motion for appointment of counsel was denied on January 5, 2018, and he was granted leave to proceed in forma pauperis in this action on that same date. The Court will deny plaintiff's motions for appointment of counsel based on the reasoning set forth in the Court's prior order. Plaintiff was assessed a $1.00 initial partial filing fee on January 5, 2018. He has not paid the filing fee as of this date. He should do so within twenty-one days of the date of this Memorandum and Order.

However, plaintiff's biggest issue is his failure to comply with Federal Rules of Civil Procedure 18, 19 and 20.

Plaintiff has improperly joined in this one lawsuit all forty-two (42) defendants and his numerous claims against them. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes

to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

**If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.**

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[2] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have twenty-one (21) days from the date of this Order to file one amended complaint.[3]  Plaintiff is warned that the filing of the amended complaint completely replaces the original.  Claims that are not re-alleged are deemed abandoned.  *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #7] is **DENIED AS MOOT** as plaintiff has already been granted leave to proceed in forma pauperis in this matter.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

---

[3]The Court will not accept multiple supplemental pleadings in one action.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file additional support for his amended complaint [Doc. #9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's additional motions for appointment of counsel [Doc. #8 and #11] are **DENIED** for the reasons set forth in the denial of counsel on January 5, 2018.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 23rd day of January, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE