UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| | | |
|---|---|---|
| BRANDON NICHOLAS BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:18-CV-0003 SNLJ |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Brandon Barnett's motion to amend his complaint, as well as a motion to supplement his amended complaint.[1] [Doc. #13 and #18]. Plaintiff was instructed to file an amended complaint on January 23, 2018, which encompassed the entirety of his allegations in this action. He was also instructed to pay an initial partial filing fee of $1.00 at that time. Because plaintiff has failed to comply with this Court's January 23, 2018 Memorandum and Order, he will be required to file a third amended complaint in this action within twenty-one (21) days of the date of this Order. The Court will also instruct the agency having control over

---

[1]Plaintiff has additionally filed a motion to refer this case to alternative dispute resolution ("ADR"). This Court does not routinely refer prisoner actions to ADR. Moreover, plaintiff does not have one comprehensive complaint on file in this action, and the matter has not been reviewed pursuant to 28 U.S.C. § 1915 in accordance with the Prison Litigation Reform Act. After the filing of one central complaint in this action, this case must be reviewed pursuant to § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted, and only those claims and defendants that survive review will be issued process on after such review has occurred. After service of process and any motions to dismiss plaintiff's complaint have been ruled on, and all answers to the complaint have been filed, a Case Management Order ("CMO") will be issued in this case setting forth deadlines for discovery in this matter. After discovery has been completed, plaintiff may then wish to renew his motion for ADR prior to the matter being set for trial.

plaintiff to pay his filing fee. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at SECC.

On January 5, 2018, the Court reviewed plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that plaintiff's complaint failed to comply with Federal Rules of Procedure 8 and 10. It was long and rambling and listed over eighty (80) persons as defendants in this action. Moreover, plaintiff's complaint was extremely difficult to read, and plaintiff had not listed what claims he was bringing against each individual defendant. The Court also noted that plaintiff needed to amend his complaint to only include claims that arose out of the same transaction or occurrence, or, to put it another way, claims that were related to one another. *See* Fed.R.Civ.P.20(a)(2). Alternatively, plaintiff was told that he could choose one single defendant and set forth as many claims as he wished against that particular defendant.

On January 18, 2018, plaintiff filed his amended complaint. Between the amended complaint and its supporting documentation, the document consisted of forty-one (41) pages. Additionally, plaintiff filed a supplemental amended complaint consisting of four (4) additional pages. Plaintiff's amended complaint listed forty-two (42) persons as defendants in this action. At the time of filing his amended complaint, plaintiff additionally filed a motion for extension for time to file "additional support" for his amended complaint. He further requested two more motions for appointment of counsel and a second motion to proceed in forma pauperis.[2] His new motion to proceed in forma pauperis was denied as moot.

---

[2] Plaintiff's first motion for appointment of counsel was denied on January 5, 2018, and he was granted leave to proceed in forma pauperis in this action on that same date. The Court denied plaintiff's second motion for appointment of counsel on January 23, 2018. Plaintiff was assessed a $1.00 initial partial filing fee on January 5, 2018. He had not paid the initial partial filing fee by the time the Court ordered plaintiff to file a second amended complaint on January 23, 2018, so the Court once again ordered plaintiff to pay the initial partial filing fee no later than February 12, 2018, at that time. As of this date he has still failed to pay the initial partial filing fee. Although he has attached what appears to be a request for a "green check" from his Case Manager, he has still not provided an inmate account statement to the Court or payment of the $1.00 fee. Plaintiff is responsible for the fee under the Prison Litigation Reform Act. Therefore, the Court will order the institution responsible for plaintiff to remit payment in conjunction with

On January 23, 2018, the Court reviewed plaintiff's amended complaint and its supporting documentation. Plaintiff was ordered to file a second amended complaint no later than February 12, 2018 on a court-provided form, in compliance with Federal Rules 8, 10, 18, 19 and 20. The Court noted that plaintiff's amended pleading was long and rambling and had too many claims against too many defendants, and it did not comply with the joinder rules set forth above. Plaintiff was told to amend his pleading and pay the initial partial filing fee of $1.00 no later than February 12, 2018. Plaintiff filed a motion to amend his pleading on February 20, 2018, and he also sought to "delay the payment of the initial partial filing fee" at that time. On July 16, 2018, plaintiff filed a supplement to his amended pleading

**Plaintiff's Second Amended Complaint and Supplemental Pleading**

The Court has reviewed plaintiff's second amended complaint and supplemental pleading and once again finds that it does not comply with Federal Rules of Civil Procedure 8, 10, 18, 19 and 20.

The gist of plaintiff's claims still appear to be claims of deliberate indifference to his medical needs, but they are buried in a rambling second amended pleading and supplemental complaint. [Doc. #13 and #18] And plaintiff's handwriting is extremely challenging to read, making his assertions against the defendants even more problematic to discern. In fact, it is difficult for the Court to discern exactly how many defendants plaintiff is attempting to sue at this juncture, as plaintiff has not listed the defendants separately as he was told to do in the Court's prior Memorandum and Order.

The Court recognizes that plaintiff has attempted to somewhat comply with the Court's prior Order by cutting down on the sheer number of defendants in this action. However, Rule

---

the Act. 28 U.S.C. § 1915(b)(2).

8(a) requires Aa short and plain statement," and Rule 8(e) requires that A[e]ach averment of a pleading shall be simple, concise, and direct.@

Plaintiff's second amended complaint is neither simple or concise or direct. **And plaintiff needs to have separate paragraphs in his complaint to be in compliance with Rule 10, not just sentences that run into one another in a cramped space that make it difficult to discern one claim from another.**

However, plaintiff's biggest issue is his failure to comply with Federal Rules of Civil Procedure 18, 19 and 20. Plaintiff has improperly joined in this one lawsuit all of the defendants and his numerous claims against them. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file a third amended complaint.

**In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* **Fed. R. Civ. P. 20(a)(2). Namely, plaintiff should list one particular transaction, and limit his facts in that particular paragraph to only that set of transactions.**

Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

**If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.**

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to

sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[3] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Additionally, there is no respondeat superior liability under 42 U.S.C. § 1983. Thus, it is unlikely that defendants such as Director Precythe or certain Wardens at MDOC, can be held individually liable for § 1983 violations.

Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

---

[3] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff shall have twenty-one (21) days from the date of this Order to file one third amended complaint.[4] Plaintiff is warned that the filing of the third amended complaint completely replaces the original and all prior pleadings. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #13] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit a third amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for waiver of the initial partial filing fee [Doc. #13] is **DENIED**.

**IT IS FURTHER ORDERED** that that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 District Court filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for referral to alternative dispute resolution [Doc. #17] is **DENIED**.

---

[4]The Court will not accept multiple supplemental pleadings in one action.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his amended complaint [Doc. #18] is **DENIED**. The Court does not accept supplements to complaints or amendments by interlineation.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 23rd day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE